IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEX SOSAYA,

    Plaintiff,

v.                                                                                                  No. 13-cv-0788 JCH/SMV

ROBERT STEWART and
ALAN CHERNOV,

    Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 4] ("Motion"), filed September 4, 2013. Defendant has not filed a response, and none is needed. The Court, being fully advised in the premises, FINDS that the motion is not well-taken and should be DENIED.

Plaintiff requests appointment of counsel because he cannot afford to hire an attorney and is also incarcerated in administrative segregation with limited access to a law library. Motion [Doc. 4] at 1. Plaintiff also requests referral to the Pro Se Civil Rights Selection Committee. Motion [Doc. 4] at 2.

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal

issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant the Court's requesting assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims. The Court therefore declines to request voluntary assistance of counsel for Plaintiff, including referring him to the Pro Se Civil Rights Selection Committee.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 4] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**